**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-23477-BLOOM/Elfenbein

ISABEL DEL PINO ALLEN,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant GEICO General Insurance Company's ("GEICO") Motion to Dismiss or in the Alternative for a More Definite Statement ("Motion to Dismiss"), ECF No. [4], filed on September 17, 2024. Plaintiff Isabel Del Pino Allen filed a Response, ECF No. [17], to which Defendant filed a Reply, ECF No. [22]. Without leave of Court, Plaintiff filed an additional memorandum of law, ECF No. [23], in response to Defendant's Reply, ECF No. [22]. The Court has reviewed the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion to Dismiss is granted.

**I.  BACKGROUND**

Plaintiff brings this action following a car accident in which Plaintiff was insured by Progressive and the other driver, Arencibia Chong, was insured by Defendant GEICO. *See generally* ECF No. [1-2]. Plaintiff alleges as follows:

> GEICO's violations — including failing to abide by [Fla. Stat. § 319.30(3)(a)(1)] by (a) ignoring [Plaintiff]'s request to have her vehicle repaired since the repair cost was less than 80% of the vehicle market value, or (b) making it possible for [Plaintiff] to 'replace [Plaintiff's] wrecked vehicle with one of like kind and

quality'—were perpetrated while GEICO attempted to settle [Plaintiff]'s insurance claim against GEICO-insured Arencibia Chong, whose insurance contract was the only reason GEICO had to deal with [Plaintiff] and vice versa…

*Id.* at ¶ 4. GEICO's settlement agreement with Progressive concerning the restitution for damages caused by GEICO-insured "prevented [Plaintiff] from continuing to earn the salary [Plaintiff] needed." *Id.* at ¶ 9. GEICO's agreement with Progressive "tied [Plaintiff]'s hands with respect to GEICO's unilateral decision to refuse to repair [Plaintiff]'s vehicle[.]" *Id.* at ¶ 10. Additionally, Plaintiff's auto financing debt was liquidated by GEICO so Plaintiff would not continue to make monthly payments. *Id.* at ¶ 26. However, Plaintiff's intent was not to have no debt but to be able to transport her then 87-year-old mother. *Id.* at ¶ 27. The liquidation of Plaintiff's auto financing debt did not improve her financial situation but worsened it: not having the means to go to her job in Broward County forced Plaintiff to discontinue her adjunct professorship. *Id.* at ¶ 28.

This legal action follows a previously-filed claim — transferred by GEICO to federal court — which was dismissed without prejudice by U.S. District Judge Cecilia Altonaga on August 23, 2023 for being "premature" under Florida's nonjoinder statute. *Id.* at ¶ 5 (citing Fla. Stat. § 627.4136). Following this, Plaintiff filed an additional case after obtaining the settlement against Chong, which was again transferred to federal court in front of United States District Judge Michael Moore. *Id.* at ¶ 59. Judge Michael Moore dismissed the case without prejudice with leave to amend. *Id.* at ¶ 60.

Plaintiff states in the first paragraph of her Complaint that:

[t]his legal action references: (1) § 624.155(1)(b)1 Fla. Stat., which establishes that a claimant may bring a civil action against an insurer, under the terms [of] its insured policy, when said claimant is damaged by the commission of the insurer "not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly"; (2) § 26.9541(1)1, Fla. Stat., which pertains to insurers representatives' unfair or deceptive practices in their attempt to settle a claim through material

misrepresentation made to a person having an interest, and (3) § 319.30(3)(a) which establishes that an insurer must compensate an insured and/or ameliorate the damages to an insured's vehicle.

ECF No. [1-2] ¶ 1. Defendant moves to dismiss Plaintiff's Complaint, which Plaintiff opposes. As the Court discusses in more depth below, it is unclear which specific claims Plaintiff brings against Defendant as Plaintiff's Complaint is a shotgun pleading.

## II. LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693

F.3d 1333, 1337 (11th Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

It is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute.") (citation omitted).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id*. at 1270 (citing *Foman*, 371 U.S. at 182). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

### III.     DISCUSSION

#### A.     Shotgun Pleading

Defendant argues that Plaintiff's Complaint is a shotgun pleading that violates the Federal Rules of Civil Procedure and should be dismissed. ECF No. [4] at 14. Plaintiff responds that Defendant's accusation that her Complaint is a shotgun pleading indicates a lack of legal acumen. ECF No. [17] at 9. Defendant replies that Plaintiff asserts facts and arguments that are nonsensical and previously adjudicated by the actions she filed in state and federal court, which were dismissed. ECF No. [22] at 11-12.

Under Rule 10:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). One type of shotgun pleading complaint is one that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the

claims against them and the grounds upon which each claim rests. *Id*. Plaintiff's Complaint states that:

> [t]his legal action references: (1) § 624.155(1)(b)1 Fla. Stat., which establishes that a claimant may bring a civil action against an insurer, under the terms [of] its insured policy, when said claimant is damaged by the commission of the insurer "not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly"; (2) § 26.9541(1)1, Fla. Stat., which pertains to insurers representatives' unfair or deceptive practices in their attempt to settle a claim through material misrepresentation made to a person having an interest, and (3) § 319.30(3)(a) which establishes that an insurer must compensate an insured and/or ameliorate the damages to an insured's vehicle.

ECF No. [1-2] ¶ 1. However, Plaintiff's Complaint does not set forth which claims, in separate counts, she is bringing against Defendant, nor does Plaintiff tie her factual allegations to a specific count. As such, Plaintiff's Complaint is a shotgun pleading "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. It fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Accordingly, the Court dismisses Plaintiff's Complaint for being a shotgun pleading. Because Plaintiff's Complaint is dismissed, Defendant's request for a more definite statement is denied as moot.

**B.     First Party Bad Faith Action under Fla. Stat. 624.155**

Defendant argues that Plaintiff does not identify whether she is pursuing a first party or third-party bad faith action in her Complaint, nor does she reference either form of bad faith action specifically. ECF No. [4] at 2. Defendant asserts that if Plaintiff alleges a single cause of action for bad faith under Fla. Stat. § 624.155 — to the extent that any action can be deciphered from her Complaint — then Plaintiff cannot bring her claim as Plaintiff was not insured by

GEICO. *Id.* at 5-7. Plaintiff responds that she has never claimed to be a first-party claimant. ECF No. [17] at 4-5. Defendant replies that Plaintiff has failed to satisfy the conditions precedent to bringing a bad faith action pursuant to Fla. Stat. § 624.155. ECF No. [22] at 2.

Because the Court dismisses the Complaint for being a shotgun pleading, the Court need not reach this argument.

        **C.**        **Third Party Bad Faith Action under Florida Statutes, Chapter 624**

Defendant argues that to the extent Plaintiff is attempting to bring a third-party bad faith claim, Plaintiff cannot do so because she has not obtained a judgment in excess of Chong's policy limits. ECF No. [4] at 8. Plaintiff responds that the court previously found, when denying Plaintiff's previous complaint without prejudice for being premature, that Defendant's insurance coverage of Chong gave rise to a legal obligation to deal with Plaintiff. ECF No. [17] at 5.

Because the Court dismisses the Complaint for being a shotgun pleading, the Court need not reach this argument.

        **D.**        **Violation of Fla. Stat. § 626.9541(1)**

Defendant argues that Plaintiff is unable to maintain an independent action under Fla. Stat. § 626.9541(1) because the claim must be brought in conjunction with a claim for bad faith under Fla. Stat. § 624.155. ECF No. [4] ¶ 9. Further, Defendant asserts that Plaintiff alleged this same statutory violation in her complaint that was dismissed by Judge Moore. *Id.* at 10. Plaintiff responds that none of the previous decisions mention Fla. Stat. § 626.9541(1). ECF No. [17] at 7. Defendant replies that the previous actions apply the same law as this case. ECF No. [22] at 2.

Because the Court dismisses the Complaint for being a shotgun pleading, the Court need not reach this argument.

### E. Violation of Fla. Stat. § 319.30(3)(a)

Defendant asserts that Plaintiff's Complaint is predicated on allegations that have been summarily denied in two prior actions against GEICO, which further evidences the frivolous nature of Plaintiff's Complaint. ECF No. [4] at 11. Defendant contends there is no independent cause of action under Fla. Stat. § 319.30(3). *Id.* at 12. Plaintiff responds by citing to a document filed in the previous case, in which she argued that Magistrate Judge Fulgueira Elfenbein was mistaken as to Fla. Stat. § 319.30(3)(a). ECF No. [17] at 4. Additionally, Plaintiff claims that a review of Judge Altonaga's August 23, 2023 order confirms that the court did not refer to Fla. Stat. § 319.30(3)(a). *Id.*

Because the Court dismisses the Complaint for being a shotgun pleading, the Court need not reach this argument.

### F. Plaintiff's Additional Memorandum of Law

Plaintiff files an additional document, which she labels a Reply to Defendant's Response, ECF No. [23]. According to Local Rule 7.1(c), Plaintiff must seek leave of court to file a surreply. S.D. Fla. L. R. 7.1(c) ("No further or additional memoranda of law [to the Reply] shall be filed and served without prior leave of Court."). Plaintiff did not seek leave of court and the Court does not consider the arguments raised by Plaintiff in her additional filing.

### G. Dismissal With or Without Prejudice

Defendant argues that Plaintiff's Complaint should be dismissed with prejudice because Plaintiff's allegations have been summarily denied in two prior actions against GEICO. ECF No. [4] at 4. Plaintiff responds that this is false and that the previous orders were distinguishable. ECF No. [17] at 7-8.

To support this argument, Defendant attaches three previous orders from this court: (1) an order from Judge Cecilia Altonaga, Case No. 23-cv-21901-ALTONAGA/Damian, ECF No. [32],

8

dated from August 23, 2023, in which the Court dismissed Plaintiff's case without prejudice for being premature until Plaintiff obtains a judgment or settlement against Chong under Fla. Stat. § 627.4136(1), but authorizing Plaintiff to bring her claim against Defendant after the state-court action concludes by settlement or verdict, ECF No. [4-3]; (2) a Report and Recommendation ("R&R") from Magistrate Judge Fulgueira Elfenbein, Case No. 24-cv-21230-MOORE/Elfenbein, ECF No. [20], dated June 13, 2024, recommending the dismissal of Plaintiff's complaint for failing to plead facts to support the elements of a breach of contract claim and of a breach of fiduciary duty claim, ECF No. [4-1]; and (3) an order approving the R&R from Judge Michael Moore, Case No. 24-cv-21230-MOORE/Elfenbein, ECF No. [26], dated August 4, 2024, and dismissing Plaintiff's complaint without prejudice for the reasons set forth in the R&R, ECF No. [4-2].

It is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff refers to the orders attached to Defendant's Motion to Dismiss in her Complaint, ECF No. [1-2] ¶¶ 5, 59, and they are central to the Plaintiff's claim, so the Court may consider them here. However, the Court is not persuaded that those previous dismissals without prejudice signify that allowing Plaintiff to amend her Complaint now would be futile. *See Garfield*, 466 F.3d at 1270. Though it is unclear what claims Plaintiff is now bringing, it appears she is attempting to bring a bad faith action against Defendant, which is distinct from the claims for breach of contract and breach of fiduciary duty that were dismissed by Judge Moore. Further,

Case No. 24-cv-23477-BLOOM/Elfenbein

Plaintiff alleges a settlement has now been reached, ECF No. [1-2] ¶ 2, so she is bringing suit in a different posture than when her case was in front of Judge Altonaga. Amendment is likely not futile here. Accordingly, the Court dismisses Plaintiff's Complaint without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [4]**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. [1-2]**, is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall amend her Complaint by **before January 22, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 8, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Isabel Del Pino Allen
4371 SW 15 Street
Miami, FL 33134
Email: Idelpinoallen@gmail.com
PRO SE

10