UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23477-BLOOM/Elfenbein

ISABEL DEL PINO ALLEN,

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant GEICO General Insurance Company's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint ("Motion"), ECF No. [47], filed on February 3, 2025. Plaintiff Isabel Del Pino Allen ("Plaintiff") filed a Response, ECF No. [48], to which Defendant filed a Reply, ECF No. [53]. For the reasons that follow, Defendant's Motion to Dismiss is granted.

**I.  BACKGROUND**

On January 8, 2025, the Court dismissed Plaintiff's original complaint as a shotgun pleading, noting that the original complaint did "not set forth which claims, in separate counts, she is bringing against Defendant, nor does Plaintiff tie her factual allegations to a specific count." ECF No. [44] at 6. Plaintiff was granted leave to file an amended complaint, which is the subject of the instant Motion.

In the Amended Complaint ("Complaint"), Plaintiff alleges that Defendant

> engaged in deceptive settlement practices, with the intent of effecting an unjust and unfair settlement that caused irreparable damage to Plaintiff, and when [Defendant] made material representations (*Re:* § 626.9541(a)(i)2) . . . in an effort

to unjustly attempt to settle Plaintiff's auto insurance claim related to GEICO-insured Felipe Arencibia Chong-provoked collision.

ECF No. [45] at 3.

Plaintiff alleges Defendant made multiple material misrepresentations regarding what "Florida law required," regarding payments for the damage caused by the car crash. *Id*. Plaintiff also alleges a series of conversations she had with representatives of the Florida Department of Financial Services in which Plaintiff "complain[ed] about [Defendant's] seemingly 'bad faith' actions and false proclamations which contradicted what is noted in § 319.30(3)[.]" *Id.* at 4-6. Plaintiff also alleges her prior attempts to litigate this matter. *Id.* at 6-8. Plaintiff seeks a total of $850,000 in damages, excluding any additional punitive damages. *Id.* at 8.

Defendant seek dismissal of the Complaint because (1) it is a shotgun pleading and "difficult for [Defendant] to comprehend or identify what specific causes of action that Plaintiff has alleged"; and (2) it fails to state a cause of action under any of the statutes Plaintiff references. ECF No. [47] at 1-2. Plaintiff responds that she complied with the Court's January 8, 2025 Order, ECF No. [44], dismissing her original complaint, and instructions contained within the U.S. Courts' form for *pro se* litigants. ECF No. [48] at 2-3. Plaintiff also points out that the Complaint "did not claim or imply 'bad faith' as a cause of action" as Defendants suggested and that she has a legally sufficient claim under § 319.30(3)(a)(2). *Id.* at 5, 8.

## II.  LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09-cv-495, 2010

WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Additionally, "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the Court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### III.    DISCUSSION

#### A.    Shotgun Pleading

Defendant argues that the Complaint is, once again, a shotgun pleading because it "loosely references numerous statutes, but does not specifically articulate which of these statutes are the basis of [Plaintiff's] claim or claims." ECF No. [47] at 6. Indeed, it is unclear what causes of action Plaintiff asserts against Defendant. Plaintiff appears to cite the Civil Complaint Form available for *pro se* plaintiffs on the United States Courts' website, which instructs plaintiffs under both the "Statement of Claim" and "Relief" sections, "[d]o not make legal arguments." U.S. Courts, *Complaint for a Civil Case* 4, U.S. Courts, https://www.uscourts.gov/sites/default/files/complaint_for_a_civil_case.pdf (Dec. 2016). Plaintiff apparently misinterpreted this instruction to suggest that she should not specifically reference the causes of action which would allow her to file a lawsuit against Defendant. ECF No. [48] at 4 (stating the Complaint "makes no legal argument or explicitly uses the term 'cause of action.'"). However, as both the Court's prior order and the online form stated, Plaintiff was required to include "a 'short and plain statement of the claim' showing that [Plaintiff] is entitled to relief." ECF No. [44] at 5; *see also Complaint for a Civil Case*, at 4. Although she argues that the Complaint should not be dismissed as a shotgun pleading because Plaintiff "complied with all judicial rules and court orders, including those issued concerning Plaintiff's two previously-filed claims[,]" ECF No. [48] at 15-16, she concedes that her "citation of § 626.9541 was superfluous and unneeded[.]" Plaintiff then states that "not only did Plaintiff not file a 'bad faith legal claim' but the actions noted in the . . . Complaint attributed to [Defendant] do not qualify as 'material misrepresentation(s)' which is what § 626.9541(1)(i)(2) states and calls for." *Id.* at 7. Plaintiff acknowledged that her "citation of § 626.9541(1)(i)(2) in her Amended Complaint can

4

conceivably be labeled unnecessary or 'uncalled for'—since Plaintiff . . . did not file a bad faith action" against Defendant. *Id.*

In the Court's prior order dismissing Plaintiff's original complaint with leave to amend, the Court warned that Plaintiff's amended complaint "must 'give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" ECF No. [44] at 5 (quoting *Twombly*, 550 U.S. at 55). The Court advised that Plaintiff must "set forth which claims, in separate counts, she is bringing against Defendant[.]" *Id.* at 6. Although, as Plaintiff notes, she stated her claims in numbered paragraphs and included facts that may be related to her claim, ECF No. [48] at 2, "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Indeed, Defendant dedicated a significant portion of its Motion to the argument that Plaintiff's Complaint should be dismissed because § 626.9541(1)(i)(2) does not create an independent cause of action against an insurer, ECF No. [47] at 6-8, only for Plaintiff to thereafter respond that she "did not claim or imply 'bad faith' as a cause of action." ECF No. [48] at 5.

Moreover, as Defendant correctly points out, Plaintiff "contradicts herself when she states that the Amended Complaint 'does charge Defendant GEICO with bad faith,' but in the same breath states that 'Plaintiff did not file a 'bad faith legal claim.'" ECF No. [53] at 3 (quoting ECF No. [48] at 6-7). This confusion renders the Complaint fatally defective and demonstrates that it shares the "unifying characteristic of all types of shotgun pleadings" in that it fails "to give [Defendant] adequate notice of the claims against [it] and the grounds upon which each claim is brought." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Therefore, the Amended Complaint must be dismissed as a shotgun pleading.

### B.     Futility of Amendment

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Where 'a more carefully drafted complaint' might cure the deficiencies in a complaint, a pro se plaintiff must be given 'at least one chance to amend' before it is dismissed with prejudice." *Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)). However, *pro se* plaintiffs are not granted unlimited opportunities to replead. *See Gendron v. Connelly,* No. 22-13865, 2023 WL 3376577, at *2 (11th Cir. 2023) (stating district court did not abuse its discretion by dismissing *pro se* plaintiff's complaint with prejudice as a shotgun pleading where plaintiff failed to cure defects described in previous order of dismissal).

Defendant argues that the Complaint should be dismissed with prejudice because "Plaintiff has attempted to allege various claims against [Defendant] in multiple cases[,]" and her "prior complaints were dismissed[.]" ECF No. [47] at 10 (citing *Del Pino Allen v. GEICO General Insurance Company*, No. 23-cv-21901 (S.D. Fla.); *Del Pino Allen v. GEICO General Insurance Company*, No. 24-cv-21230 (S.D. Fla.). "Plaintiff has already had three bites at the apple. Plaintiff's fourth bite, the instant Amended Complaint, is likewise deficient as its predecessors." *Id.* at 11. Plaintiff responds that it would not be futile to grant her leave to amend because she properly stated a cause of action under Florida Statutes § 319.30(3)(a)(2) and 319.30(3)(a)(1)(a). To the extent that Plaintiff references Florida Statutes § 319.30(3)(a)(2) and 319.30(3)(a)(1)(a), the Complaint appears to reassert the causes of action which were already

6

dismissed by Judge Moore and addressed at length by Judge Elfenbein in her Report and Recommendation. *See Del Pino Allen v. GEICO General Insurance Company*, No. 24-cv-21230, 2024 WL 2976757, at *3-6 (S.D. Fla. June 13, 2024), *report and recommendation adopted,* 2024 WL 3616004, at *1-2 (S.D. Fla. Aug. 1, 2024). Although Plaintiff argued in that case that Judge Elfenbein's interpretation of § 319.30(3)(a)(2) and 319.30(3)(a)(1)(a) was incorrect, Judge Moore adopted Judge Elfenbein's Report and Recommendation in full. *Del Pino Allen*, No. 24-cv-21230, 2024 WL 3616004, at *3.

This Court's prior dismissal granting Plaintiff leave to amend was based on the determination that Plaintiff "is attempting to bring a bad faith action against Defendant, which is distinct from the claims for breach of contract and breach of fiduciary duty that were dismissed by Judge Moore." ECF No. [44] at 9. Based on that conclusion, the Court found that granting Plaintiff leave to amend was "likely not futile." *Id.* However, now that Plaintiff has been given the opportunity to amend, Plaintiff repeatedly represents in her Response that she "did not claim or imply 'bad faith' as a cause of action." ECF No. [48] at 5-7. The Court accepts Plaintiff's representation that she does not intend to bring a bad faith cause of action. *Id.* at 7 ("Plaintiff, *pro se*, did not file a bad faith action against [Defendant.]"). However, even construing the Amended Complaint liberally, there is no indication that Plaintiff can cure her deficiencies with additional opportunities to amend. Therefore, the Complaint is dismissed with prejudice.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [47]**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. [45]**, is **DISMISSED WITH PREJUDICE**.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS**

**MOOT** and all deadlines are **TERMINATED**;

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Isabel Del Pino Allen
4371 SW 15 Street
Miami, FL 33134
Email: Idelpinoallen@gmail.com
PRO SE

Counsel of record