UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23477-BLOOM/Elfenbein

ISABEL DEL PINO ALLEN,

  Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

  Defendant.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiff Isabel Del Pino Allen's ("Plaintiff") Motion, Per Rule 59(e), to Alter or Amend Judgment to Reference Facts Contained in the Complaint, Per Rule 12(b) ("Motion"), ECF No. [69], filed on April 24, 2025. Defendant GEICO General Insurance Company ("Defendant") filed a Response, ECF No. [70], to which Plaintiff filed a Reply. ECF No. [73]. The Court has considered the Motion, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.   BACKGROUND**

The Court assumes the parties' familiarity with the case and includes only the background necessary for purposes of the Motion. On January 9, 2025, the Court granted Defendant's first Motion to Dismiss. ECF No. [44]. In dismissing the Complaint, the Court noted that it was "unclear which specific claims" Plaintiff brought "against Defendant as Plaintiff's Complaint is a shotgun pleading." *Id.* at 3. Specifically, the Complaint did "not set forth which claims, in separate counts" she was bringing against Defendant, nor did "Plaintiff tie her factual allegations to a specific count." *Id.* at 6. The Court granted Plaintiff leave to file an Amended

Complaint, noting that, although it was "unclear what claims Plaintiff is now bringing, it appears she is attempting to bring a bad faith action against Defendant, which is distinct from the claims for breach of contract and breach of fiduciary duty that were dismissed by Judge Moore[]" in a separate action. *Id.* at 9. Additionally, Plaintiff alleged a settlement had been reached and she was "bringing suit in a different posture" than when her case was dismissed before Judge Altonaga in a different, previous action. *Id.* at 10; *see Del Pino Allen v. GEICO Gen. Ins. Co.*, No. 23-cv-21901, 2023 WL 5702163 (S.D. Fla. Aug. 23, 2023) (dismissing complaint as premature).

On April 14, 2025, the Court granted Defendant's second Motion to Dismiss Plaintiff's Amended Complaint. ECF No. [68]. Despite previous warnings that Plaintiff "must give the defendant fair notice of what the claim is and the grounds upon which it rests" and "set forth which claims, in separate counts, she is bringing against Defendant[,]" Plaintiff failed to comply with the Court's instructions. *Id.* at 5. The Court determined that granting Plaintiff leave to amend would be futile and, therefore, dismissed the Amended Complaint with prejudice. *Id.* at 7.

In her Motion, Plaintiff argues the Court did not "comply with case law which explicitly state[s] that a court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" ECF No. [69] at 1 (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)). Plaintiff argues that the Court's "failure to explicitly reference alleged deficiencies in plaintiff's *pro se* Amended Complaint and its attached exhibits" and "basing . . . dismissal with prejudice of the Complaint on Defendant's Reply to Plaintiff's Response to Defendant's motion to dismiss, and . . . previous civil actions . . . is tantamount to manifest injustice." *Id.* at 2. Defendant responds that the Motion "relitigate[s] old matters and fail[s] to establish that this Court based its decision on error of law or fact." ECF No. [70] at 2-3 (citing

*Dixon v. Pub. Health Tr. of Dade Cnty.*, No. 12-cv-22664, 2012 WL 12854850, at *1 (S.D. Fla. Nov. 29, 2012)). Plaintiff Replies that "stating how the Court erred in its dismissal order's omission does not amount to 're-litigating.'" ECF No. [73] at 8.

## II. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## III. DISCUSSION

Plaintiff cites several alleged "[o]missions, [i]nsinuations and [d]eviation[s] from the pertinent rule[,]" which she argues would "[p]rejudice[] Plaintiff . . . in a [p]possible [a]ppeal [b]efore the Eleventh [Circuit]." ECF No. [69] at 2. As an initial matter, under Rule 59(e), which

3

Plaintiff cites as the basis for her Motion, *id.* at 1, "[t]he *only* grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343 (alteration in original) (emphasis added) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Therefore, Plaintiff's argument that the Court made "insinuation[s]" which are "prejudicial to Plaintiff," because the "it would lead an appellate court to dismiss Plaintiff's complaint without perusing it" does not provide a basis for amending an order under Rule 59(e). ECF No. [69] at 6.

Plaintiff's arguments that the Court erred as a matter of law can be grouped into three categories. Plaintiff argues that the Court (1) failed to "explicitly reference alleged deficiencies" in the Amended Complaint and its attached exhibits; (2) improperly based the dismissal of the Amended Complaint "on Defendant's Reply to Plaintiff's Response to Defendant's motion to dismiss, and . . . previous civil actions[;]" and (3) failed to consider Plaintiff's claim under Florida Statutes § 319.30. *Id.* at 2, 6.

Regarding Plaintiff's first argument, the Court specifically stated that it was "unclear what causes of action Plaintiff asserts against Defendant" and that, despite prior warnings, Plaintiff again failed to "set forth which claims, in separate counts, she is bringing against Defendant[.]" ECF No. [68] at 4-5. Plaintiff now reiterates the same argument she made in Response to Defendant's Motion to Dismiss: that she "follow[ed] the exact instructions" on the form for *pro se* litigants and the Court should have "ma[d]e reasonable inferences" to find that her Amended Complaint was sufficient.[1] *Id.* at 4; *see also* ECF No. [48] at 2, 5. However, the

---

[1] One of "reasonable inferences" which Plaintiff argues the Court should have made was that Plaintiff accidentally omitted the word "not" when she stated in her Response to Defendant's Motion to Dismiss the Amended Complaint, "Plaintiff's Amended Complaint does charge Defendant GEICO with 'bad faith.'" ECF No. [69] at 9 (citing ECF No. [48] at 6). Even if the Court could have read the statement as a typo, it would not have clarified which causes of action

Supreme Court has instructed that a claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct *alleged.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Although *pro se* litigants are subject to more liberal pleading standards, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Shillingford v. Rolly Marine Serv., Inc.*, No. 14-cv-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014). Plaintiff argues that she "reference[d] the statutes Plaintiff alleges Defendant violated" in Sections 2 and 3 of her Amended Complaint, thereby "allow[ing] a court to infer Plaintiff's alleged legal basis for her legal action[.]" ECF No. [69] at 5. As the Court stated in its April 14, 2025 Order, the Amended Complaint loosely references multiple statutes, including Florida Statutes §§ 319.30 and 626.9541, however, Plaintiff subsequently stated that "her 'citation of § 626.9541 was superfluous and unneeded.'" ECF No. [68] at 4 (quoting ECF No. [48] at 5). The Court also noted that, to the extent Plaintiff sought to bring a cause of action under §§ 319.30(3)(a)(2) and 319.30(3)(a)(1)(a), these claims were foreclosed by Judge Moore's Order, which adopted Judge Elfenbein's Report and Recommendation in full.[2] ECF No. [68] at 6-7.

Second, Plaintiff argues that the Court erred by considering Defendant's Reply in its April 14, 2025 Order. ECF No. [69] at 2. Although Plaintiff is correct that a "court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim[,]" Plaintiff misinterprets this standard to mean that the Court may not consider Defendant's

---

Plaintiff *intended* to bring against Defendant. Therefore, the Court did not err in concluding that the Amended Complaint was a shotgun pleading. *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'")

arguments when analyzing a motion to dismiss. *Id.* (quoting *Williams v. Jones*, No. 22-cv-21816, 2022 WL 17846630, at *2 (S.D. Fla. Dec. 22, 2022)). However, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the *pleadings* and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (emphasis added) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). As Defendant notes, the Local Rules of the Southern District of Florida permit a movant to "file and serve a reply memorandum in support of the motion[.]" ECF No. [70] at 4 (quoting S.D. Fla. L. R. 7.1(c)(1)). Therefore, the Court properly considered Defendant's arguments in its Motion to Dismiss and Reply.

To the extent Plaintiff argues the Court should not have considered the existence of "previous civil actions" in the April 14, 2025 Order, ECF No. [69] at 2, "[p]ublic records are among the permissible facts that a district court may consider[]" when analyzing a motion to dismiss. *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006). In *Universal Express*, the district court in the Southern District of Florida considered an action pending in the Southern District of New York "and dismissed several of the claims . . . because the action pending in New York provided an adequate alternative remedy." *Id.* at 53. Although Universal argued the district court in the Southern District of Florida improperly considered matters outside the pleadings when granting the motion to dismiss, the Eleventh Circuit affirmed the district court, stating that the district court "may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Id.* Not only are the other civil actions which Plaintiff argues the Court should not have considered public records, but Plaintiff also explicitly referenced the actions in her Amended Complaint. ECF No. [45] at 1 n.1, 4 n.6.

---

[2] Plaintiff also argues that Judge Elfenbein's Report and Recommendation was incorrect. The

As the Eleventh Circuit has stated, under the incorporation by reference doctrine, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The Eleventh Circuit subsequently clarified that "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (*Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)). Plaintiff's statements in her Amended Complaint that Judge Elfenbein's Report and Recommendation in a separate case "erroneously claimed that there was no violation of § 319.30(3)(a)," and that Judge Moore "did not dispute" the Report and Recommendation in his dismissal, were central to Plaintiff's Amended Complaint and properly considered by the Court. ECF No. [45] at 4, n.6.

Third, Plaintiff seeks to relitigate the issue of whether she has a claim under Florida Statutes, § 319.30(3). As Plaintiff argued in her Response to Defendant's Motion to Dismiss the Amended Complaint, she argues again that Defendant violated § 319.30(3)(a)(1). ECF Nos. [48] at 8-15, [69] at 6-9. However, as the Court stated in its April 14, 2025 Order, "[t]his Court's prior dismissal granting Plaintiff leave to amend was based on the determination that Plaintiff 'is attempting to bring a bad faith action against Defendant, which is distinct from the claims for breach of contract and breach of fiduciary duty that were dismissed by Judge Moore.'" ECF No. [68] at 7 (quoting ECF No. [44] at 9). Although the Court dismissed the Amended Complaint as a shotgun pleading, the Court also noted that, to the extent Plaintiff sought to "reassert the causes

---

Court will addresses this argument below.

of action which were already dismissed by Judge Moore and addressed at length by Judge Elfenbein in her Report and Recommendation," the Court saw no reason to depart from Judge Elfenbein's reasoning, which was adopted in full by Judge Moore. *Id.* (citing *Del Pino Allen v. GEICO General Insurance Company,* No. 24-cv-21230, 2024 WL 2976757, at *3-6 (S.D. Fla. June 13, 2024), *report and recommendation adopted*, 2024 WL 3616004, at *1-2 (S.D. Fla. Aug. 1, 2024)).

As an initial matter, § 319.30(3) does not appear to create an independent cause of action. Indeed, reading the Complaint liberally, Judge Elfenbein inferred that Plaintiff's reference to § 319.30(3) was part of a claim for breach of fiduciary duty, an argument raised by Defendant and apparently conceded by Plaintiff. *Del Pino Allen*, 2024 WL 2976757 at *2 n.2. Therefore, in analyzing Plaintiff's breach of fiduciary duty claim, Judge Elfenbein cited to *World Finance Group, LLC v. Progressive Select Insurance Company*, which held "that the text of the automobile insurer's contract required the insurer to protect the interest of the automobile's lienholder, and therefore the insurer breached its duty to the lienholder by issuing a settlement check in name of the insureds only." *Del Pino Allen*, 2024 WL 2976757, at *6 (citing *World Fin. Grp., LLC v. Progressive Select Ins. Co.*, 300 So. 3d 1220, 1223 (Fla. 3d DCA 2020)).

Plaintiff disagreed with Judge Elfenbein's interpretation, arguing that *World Finance Group* stands for the proposition that "the financing entity was not the entity solely entitled to receive the insurance proceeds and that a rightful use of the insurance proceeds would have been to repair the vehicle, which is what Plaintiff, pro se, requested." ECF No. [69] at 8 n.9. However, the issue in *World Finance Group* was the insurance company "issued a settlement check to its insured, but . . . did not include the car's lienholder," thereby breaching the insurance policy which "expressly required Progressive to protect the interest of the lienholder[.]" 300 So.3d

1220, 1221 (Fla. 3d DCA 2020). The "dispositive issue" in *World Finance Group* was "the interpretation of the loss payable clause" of the insurance policy. *Id.* at 1222. Section 319.30(3) played no role in the analysis in *World Finance Group*. The fact that the car in *World Finance Group* was not repaired was only relevant insofar as the holders of the automobile insurance policy "did not use the insurance proceeds to repair the Ferrari or to pay off the car loan, apparently keeping these funds for themselves." *Id.* at 1221. Therefore, the insurance company failed to "ensure[] that the lienholder's interest in the collateral [was] protected." *Id.* at 1223. By contrast, and as Judge Elfenbein correctly pointed out, Plaintiff "received the benefit of being relieved of her auto financing debt for which she would have been responsible in any event and a second payout from Defendant, amounting to $20,000.00, which were Chong's policy limits." *Del Pino Allen*, 2024 WL 2976757, at *6. Judge Elfenbein properly interpreted *World Finance Group* and Plaintiff has not cited any manifest errors of law or fact which would be sufficient to grant a Rule 59(e) motion.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, Per Rule 59(e), to Alter or Amend Judgment to Reference Facts Contained in the Complaint, Per Rule 12(b), **ECF No. [69],** is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida on July 24, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 24-cv-23477-BLOOM/Elfenbein

cc:

Counsel of Record

Isabel Del Pino Allen
4371 SW 15 Street
Miami, FL 33134
Email: Idelpinoallen@gmail.com
PRO SE