**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-23477-BLOOM/Elfenbein**

ISABEL DEL PINO ALLEN,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

## ORDER ON MOTION TO ENFORCE PAYMENT

**THIS CAUSE** is before the Court upon Mediator Gregory Holder's Motion to Enforce Payment of Mediation Invoice ("Motion"), ECF No. [74], filed on June 5, 2025. Plaintiff Isabel Del Pino Allen filed a Response. ECF No. [75]. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised.

Holder filed the instant Motion stating that he was designated to provide mediation services to the parties in accordance with Southern District of Florida Local Rule 16.2(d)(1)(B). ECF No. [74] at 1; *see also* ECF No. [34]. Holder states the "mediators fee was to be divided equally between the parties and payment was required within forty-five (45) days of invoice." ECF No. [74] at 1. The mediation took place on March 19, 2025. *Id.*; *see also* ECF No. [62]. Plaintiff "was billed $437.50 for her half of the total amount owed" on March 29, 2025, which she had not paid as of June 6, 2025. ECF No. [74] at 1.

Plaintiff argues that she is not required to pay the mediation fee because she was granted leave to proceed *in forma pauperis* ("IFP"). ECF No. [75] at 1-2. She also notes that on the

docket, Holder's Motion is captioned a "Motion for Attorney Fees," which is premature because she may still appeal to the Eleventh Circuit. *Id.* at 3.

As an initial matter, Local Rule 16.2(b)(7) states that "[a]ll mediation fees payable under this rule shall be due within forty-five (45) days of invoice and shall be enforceable by the Court upon motion." S.D. Fla. L.R. 16.2(b)(7). The fact that the docket labeled the Motion as a "Motion for Attorney Fees" does not change the substance of the Motion, which is permitted by the Local Rules. Similarly, the fact that the docket states "Attorney Gregory Paul Holder added to party[,]" does not mean that Holder is appearing on behalf of Defendant, as Plaintiff suggests. ECF No. [75] at 4. The use of the word "party" only reflects that Holder had the ability to file a motion in this case to enforce the payment of his fees, which is permitted by Local Rule 16.2(b)(7).

Turning to Plaintiff's argument that her IFP status relieves her of the requirement that she pay her half of Holder's mediation fee, "no provision of the [*in forma pauperis*] statute authorizes courts to commit federal monies for payment of mediation fees or other expenses in a civil suit brought by an indigent litigant." *Fodor v. Grp.*, No. 5:12-cv-28, 2013 WL 11325063, at *1 (N.D. Fla. Aug. 30, 2013). However, the Court has the discretion to use funds from the Local Attorney Admission Fund to pay for certain expenses for indigent *pro se* civil litigants. Given Plaintiff's inability to pay Holder's mediation fee, the Court finds this to be an appropriate use of funds from the Local Attorney Admission Fund.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Holder's Motion to Enforce Payment of Mediation Invoice, **ECF No. [74],** is **GRANTED**. Holder shall file an invoice for Plaintiff's half of the mediation fee on or before August 19, 2025.

Case No. 24-cv-23477-BLOOM/Elfenbein

2.  The Clerk of the Court is directed to issue a payment of $437.50 to Holder from

the Local Attorney Admission Fund upon receipt of the invoice.

**DONE AND ORDERED** in Chambers at Miami, Florida on August 12, 2025.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of Record

Isabel Del Pino Allen
4371 SW 15 Street
Miami, FL 33134
Email: Idelpinoallen@gmail.com
PRO SE

3